[Cite as *State v. Cunningham*, 2014-Ohio-1924.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| STATE OF OHIO | C.A. No.    26744 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| JAMES R. CUNNINGHAM | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No.    CR 2012-09-2641 |

## DECISION AND JOURNAL ENTRY

Dated: May 7, 2014

BELFANCE, Presiding Judge.

{¶1} James Cunningham appeals the denial of his motion to suppress by the Summit County Court of Common Pleas. For the reasons set forth below, we reverse.

I.

{¶2} The Akron Police received an anonymous phone call indicating that an African-American man wearing jeans and a neon green shirt was selling heroin in Grace Park. Officers Andrew Hughes and Jeff Woolley drove to Grace Park where they observed a man, later identified as Mr. Cunningham, walking through the park wearing blue jeans and a neon green shirt. Officer Hughes drove the police cruiser into the park toward Mr. Cunningham, and Officer Woolley exited the vehicle and approached the man. The man backed away from Officer Woolley, but Officer Hughes prevented him from leaving by pulling the cruiser up behind him. The man did not allow Officer Woolley to conduct a pat-down of him, and the officers arrested

him for obstructing official business. As part of the search incident to arrest, the officers discovered a gum wrapper that contained heroin.

{¶3} Mr. Cunningham filed a motion to suppress, which the trial court denied, and subsequently pleaded no contest to drug possession. He has appealed, raising a single assignment of error for our review.

II.

ASSIGNMENT OF ERROR

THE TRIAL COURT ERR[ED] IN FAILING TO GRANT MR. CUNNINGHAM'S MOTION TO SUPPRESS[.]

{¶4} Mr. Cunningham argues that the trial court should have granted his motion to suppress because Officers Hughes and Woolley did not have sufficient reasonable, articulable suspicion to conduct a stop. We agree.

{¶5} The Supreme Court of Ohio has held that

[a]ppellate review of a motion to suppress presents a mixed question of law and fact. When considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses. Consequently, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. Accepting these facts as true, the appellate court must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard.

(Internal citations omitted.) *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶ 8. In this case, it appears that the trial court found Officer Hughes' testimony to be credible as it adopted the testimony as the facts of the case. Accordingly, we must adopt the trial court's findings of fact as long as they are supported by competent, credible evidence. *Burnside* at ¶ 8.

{¶6} Officer Hughes was the only witness at the suppression hearing and testified that, following an anonymous call that an African-American male wearing a neon green shirt and blue

jeans was selling heroin in Grace Park, he drove to the park with his partner, Officer Woolley. The officers observed Mr. Cunningham, who is African-American, walking through the park wearing a neon green shirt and blue jeans. Officer Hughes drove the cruiser into the park, and Officer Woolley exited the vehicle to speak with Mr. Cunningham. Officer Hughes observed Mr. Cunningham back away from Officer Woolley and pulled the cruiser behind Mr. Cunningham to prevent him from leaving.

{¶7} The Fourth Amendment to the United States Constitution and Article I, Section 14 of the Ohio Constitution both protect individuals from unreasonable searches. With respect to the Fourth Amendment, the United States Supreme Court has repeatedly stated that "searches conducted outside the judicial process, without prior approval by judge or magistrate, are per se unreasonable under the Fourth Amendment—subject only to a few specifically established and well-delineated exceptions." (Internal quotations and citations omitted.) (Emphasis omitted.) *California v. Acevedo*, 500 U.S. 565, 580 (1991). For example, in some situations, a warrantless search and/or seizure may be reasonable due to exigent circumstances. In addition, a brief investigatory seizure may be warranted where there is reasonable articulable suspicion that a crime is occurring or about to occur. *Terry v. Ohio*, 392 U.S. 1, 21-22 (1968)*.* Mr. Cunningham argues, citing to *Florida v. J.L.*, 529 U.S. 266 (2000), that the mere fact that he was wearing an outfit that had been described by an anonymous tipster is insufficient to justify an investigative stop by Officers Hughes and Woolley. In order for an anonymous tip to provide reasonable suspicion to justify an investigative stop, there must be indicia of reliability as to the assertion of illegality, not just its tendency to identify a specific person. *J.L* at 272. "An accurate description of a subject's readily observable location and appearance * * * does not show that the tipster has knowledge of concealed criminal activity." *Id*. Absent additional indicia of reliability, an

anonymous tip identifying a specific individual does not justify an investigative stop. *Id*. at 274. *See also Alabama v. White*, 496 U.S. 325, 330-331 (1990).

{¶8} In this case, the trial court determined that the officers had reasonable articulable suspicion to justify an investigative stop of Mr. Cunningham because Mr. Cunningham was a man who matched the tipster's description of a man in Grace Park. Under the facts of this case, the trial court erred in its determination as the mere fact that Mr. Cunningham matched the tipster's description did not provide reasonable, articulable suspicion to temporarily seize Mr. Cunningham.

{¶9} The State concedes that the mere fact that Mr. Cunningham was in the park wearing the outfit described by the anonymous tipster did not provide the officers with reasonable, articulable suspicion to conduct an investigative stop. Nevertheless, the State argues that we should affirm the trial court's denial of the suppression motion on grounds that did not form the basis for the trial court's decision. Specifically, the State argues that Mr. Cunningham's seizure was warranted because the officers merely approached Mr. Cunningham seeking a consensual encounter and Mr. Cunningham attempted to flee the scene. However, we do not find the argument to be well taken given that it rests primarily upon Officer Hughes' speculation about what was going to happen, rather than upon Mr. Cunningham's actions. The record reflects that as Officer Hughes drove into the park, his partner exited the cruiser and approached Mr. Cunningham. Officer Hughes testified that he observed Mr. Cunningham back away and that he pulled his cruiser behind him to the location where he backed up. At that point, Officer Hughes testified that Mr. Cunningham did not "run" into the cruiser. The scene as described by Officer Hughes entailed one where he merely observed Mr. Cunningham take some backward steps away from Officer Woolley. Officer Hughes then pulled up behind him so as to prevent

Mr. Cunningham from fleeing. Although Officer Hughes anticipated that Mr. Cunningham might flee, he specifically stated that Mr. Cunningham did not run. Thus, assuming that under certain circumstances, an individual fleeing from police could give rise to reasonable, articulable suspicion for an investigative detention, under the circumstances of this case, we do not find the State's argument well taken.[1] *Compare with Illinois v. Wardlow*, 528 U.S. 119, 121 (2000) (concluding that the officer had reasonable, articulable suspicion to stop an individual in a high crime area who ran upon seeing officers approach); *id.* at 124 ("*Headlong flight*—wherever it occurs—is the consummate act of evasion: It is not necessarily indicative of wrongdoing, but it is certainly suggestive of such.") (Emphasis added.).

{¶10} Thus, in light of the record in this case, the trial court erred in its determination that there was reasonable, articulable suspicion to stop, detain, or frisk Mr. Cunningham. *See J.L.*, 529 U.S. at 272, 274. Accordingly the trial court erred in denying Mr. Cunningham's motion to suppress.

{¶11} Mr. Cunningham's assignment of error is sustained.

### III.

{¶12} In light of the foregoing, the judgment of the Summit County Common Pleas is reversed, and the matter is remanded for further proceedings consistent with this opinion,

---

[1] The State suggests that the mere movement away from an officer is indicative of flight and that, if Mr. Cunningham did not wish to speak with the officers, he should have told them so rather than walking away. This of course begs the question of how long a citizen must remain in place when approached by an officer for a "consensual encounter[]" before walking away is no longer flight. In any case, we decline to adopt the State's position that stepping backward away from an approaching officer must always constitute flight.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

EVE V. BELFANCE
FOR THE COURT

WHITMORE, J.
MOORE, J.
CONCUR.


APPEARANCES:

WILLIAM A. VASILIOU, II, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.